United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NATHAN ONEIL MULLINGS,
Petitioner,

v.

CHRISTOPHER CHESTNUT, *et al.*,
Respondents.

Case No. 1:26-cv-04123 (AMO)

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Re: Dkt. No. 1

Petitioner is detained at the California City Correctional Facility pending the resolution of his removal proceedings. Proceeding through appointed counsel, he seeks immediate release, arguing (1) that this Court should grant bond as provision of a custody redetermination hearing before an immigration judge would violate his due process rights, and (2) that Respondents have failed to provide him with adequate medical care in violation of due process. Dkt. No. 14 ¶¶ 63–71. In response, Respondents represent that Petitioner is detained pursuant to Section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a), and that he is therefore free to request a custody redetermination from an immigration judge. Dkt. No. 15 at 2. They further contend that his claim based on inadequate medical care is not cognizable in habeas. *Id.* at 3. For the reasons that follow, the court agrees that Petitioner's claims are, at this juncture, premature and denies the petition without prejudice.

## I. BACKGROUND

Petitioner was admitted to the United States on June 24, 2021 through a J-1 Visa with an expiration of June 26, 2023. Dkt. No. 14 ¶ 2; Dkt. No. 8-3 at 2. He remained in the United States beyond that date without authorization, and does not claim to have additional forms of immigration relief—such as an application for asylum or other application for legal status—

pending. *See* Dkt. No. 14.

On January 20, 2026, Petitioner was arrested by U.S. Immigrations and Customs Enforcement ("ICE") pursuant to a warrant. Dkt. No. 8-3 at 2; Dkt. No. 8-2 at 1. ICE served Petitioner with a Notice to Appear charging him with removability under INA § 237(a)(1)(B) for remaining in the United States longer than permitted that same day. Dkt. No. 8-1 at 1–4. Petitioner has since been transported to the California City Correctional Facility, where he remains in custody.

Since being in custody, Petitioner contends that he has experienced severe dental pain, numbness in his mouth and face, headaches, and mental health issues, including insomnia, anxiety, and panic attacks. Dkt. No. 14 ¶¶ 20–21. He claims that medical staff at the detention facility have not been providing him with proper care for these ailments. *Id.* ¶ 59.

## II. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Both parties agree that Petitioner's detention is controlled by 8 U.S.C. § 1226(a). Section 1226(a), in broad terms, governs the detention of noncitizens pending a decision on whether they are to be removed from the United States. A noncitizen detained under § 1226(a) may request a custody redetermination hearing before an immigration judge at any time before a final order of

United States District Court
Eastern District of California

removal is entered. *See* 8 U.S.C. § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (explaining that § 1226(a) detainees "receive bond hearings at the outset of detention"). At such a hearing, the immigration judge may release the noncitizen on bond or conditional parole. 8 U.S.C. § 1226(a); *In re Guerra*, 24 I. & N. Dec. 37, 39–40 (BIA 2006). When a noncitizen is held under § 1226(a), courts have recognized that the noncitizen is entitled to such a hearing. *See, e.g.*, *Guadalupe Escobedo Martinez*, No. 1:26-CV-03719-DAD-SCR, 2026 WL 1662714 (E.D. Cal. June 9, 2026); *Bammi v. Hyde*, No. 26-11594-FDS, 2026 WL 1020633 (D. Mass. Apr. 15, 2026); *Alshaher v. Mullin*, No. 26-CV-02402-BAS-VET, 2026 WL 1303160 (S.D. Cal. May 12, 2026).

Because Petitioner is entitled to a custody redetermination hearing under § 1226(a), Respondents argue that Petitioner should be required to seek such relief before the Immigration Court prior to seeking immediate release through habeas. Dkt. No. 15 at 2–3. Petitioner contends, however, that this Court should grant bond and order his release because the Immigration Court is unable to provide him a neutral hearing, citing to declarations from a former immigration judge and immigration attorney suggesting that immigration judges are systematically compromised. *See* Dkt. No. 14-1; Dkt. No. 14 ¶¶ 30, 33, 35–45. However, for the reasons explained below, the Court finds that Petitioner must exhaust his administrative remedy of a custody redetermination hearing in the first instance.

**A. Exhaustion of Administrative Remedies**

"If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies'" unless exhaustion is excused. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). "Courts may require prudential exhaustion if '(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.'" *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (*quoting Noriega-*

*Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Circ. 2003)).

All three factors weigh in favor of requiring Petitioner to exhaust his administrative remedies prior to seeking habeas relief. As to the first factor, agency expertise is necessary to generate a record in the first instance, make a determination as to Petitioner's danger and flight risk, and to set bond accordingly. Turning to the second factor, permitting Petitioner to obtain release or a court-ordered bond hearing without first asking the immigration judge for one would allow him to bypass the administrative scheme of § 1226(a) entirely. And finally, administrative review can afford Petitioner the relief he seeks—i.e., release from detention.

The Court further finds that waiver of the exhaustion requirement is not appropriate here. "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)). Petitioner contends that seeking a bond hearing before an immigration judge would be futile because the process will not be neutral. *See* Dkt. No. 14 ¶ 30 ("the systematic transformation of EOIR … into an instrument of the current administration's enforcement agenda has made it structurally incapable of providing Mr. Mullings with the neutral arbiter and individualized assessment that due process requires"). Though the evidence Petitioner relies on "raise serious concerns" it is "only of a generalized nature[]" and does not suggest that there is no possibility of receiving a fair bond hearing in the Eastern District of California. *Gagik T. v. Chestnut*, No. 1:26-CV-02839-MWJS, 2026 WL 1216897, at *3 (E.D. Cal. May 4, 2026). "[G]eneralized contentions of this sort do not establish futility: the futility exception requires a showing that the available administrative remedy is inadequate or unavailing as applied to a petitioner's own case." *Id.* As Petitioner has yet to request a bond hearing, the Court cannot find that seeking such relief would be futile.

**B. Claim for Inadequate Medical Care**

Petitioner further contends that his release is warranted because the inadequate medical care he has received while detained violates the Fifth Amendment. Dkt. No. 14 ¶¶ 54–62; 69–72.

The court agrees with the reasoning in *Moya v. Blanche*, No. 2:26-CV-0675-APG-DJA, 2026 WL 1481604, *8–9 (D. Nev. May 27, 2026) and *Chavez v. Becerra*, No. 1:25-CV-02058-KES-SAB-HC, 2026 WL 603742, at *2 (E.D. Cal. Mar. 4, 2026), *report and recommendation adopted*, No. 1:25-CV-02058-KES-SAB (HC), 2026 WL 2079218 (E.D. Cal. July 17, 2026) concluding that habeas relief is generally not available based upon a challenge to conditions of confinement. "[A] habeas claim is one challenging the fact of confinement, rather than the conditions of confinement." *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024). If conditions are unlawful, the relief is either damages or injunctive relief removing the unlawful conditions, not a determination that Petitioner is unlawfully detained and entitled to relief in habeas. *See Pinson v. Carvajal*, 69 F.4th 1059, 1072 (9th Cir. 2023) (Explaining that "the relevant question is whether, based on the allegations in the petition, release is *legally required* irrespective of the relief requested."). Accordingly, Petitioner's habeas claim premised on the conditions of his confinement is denied.

## IV. CONCLUSION

As respondents concede that Petitioner is entitled to a § 1226(a) bond hearing, and Petitioner has had, and continues to have, the opportunity to request a hearing in his immigration proceedings, it would be premature to find that this administrative remedy would be futile. If the § 1226(a) bond hearing procedures are applied to Petitioner in an unconstitutional manner, or if, despite Respondents' representations, the immigration court fails to promptly conduct such a hearing upon request, Petitioner may seek habeas relief for any such deprivation.

Accordingly, the petition for writ of habeas corpus is DENIED. The Clerk of Court is directed to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: August 7, 2026

ARACELI MARTÍNEZ-OLGUÍN
United States District Judge